**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Case No. 26-cv-01703-NYW

ANDRES DANIEL BARAHONA-AMADOR,

      Petitioner,

v.

JUAN BALTAZAR, in his official capacity,
TODD LYONS, in his official capacity,
MARKWAYNE MULLIN, in his official capacity, and
TODD BLANCHE, in his official capacity,

      Respondents.

_____

**MEMORANDUM OPINION AND ORDER**
_____

This matter is before the Court on the Petition for Habeas Corpus ("Petition"). [Doc. 1]. Respondents have responded to the Petition. [Doc. 8]. Petitioner did not file a reply brief, and the time to do so has lapsed. *See* [Doc. 5 at 2]. For the following reasons, the Petition is **GRANTED in part**.

**BACKGROUND**

Andres Daniel Barahona-Amador ("Petitioner" or "Mr. Barahona-Amador") is a citizen of Honduras who is currently detained at a U.S. Immigration and Customs Enforcement ("ICE") facility in this District. [Doc. 1 at ¶¶ 1, 18]. He entered the United States in 2022 and was detained by ICE on March 5, 2026. [*Id.* at ¶¶ 2–3]. He asserts that he has never been provided an individualized bond hearing. [*Id.* at ¶ 7].

Mr. Barahona-Amador argues that he is detained under 8 U.S.C. § 1226(a), which—as explained below—would entitle him to a bond hearing. *See* [*id.* at ¶¶ 34–37].

Respondents counter that Petitioner is not detained under § 1226(a), but under § 1225(b)(2), which renders his detention mandatory. [Doc. 8 at 2–3].

The Petition was filed on April 21, 2026 and asserts three claim for relief: (1) a claim asserting a violation of the Immigration and Nationality Act ("INA"); (2) a claim alleging a violation of the Administrative Procedure Act ("APA"); and (3) a claim asserting a violation of the Fifth Amendment due process clause. [Doc. 1 at ¶¶ 33–47]. Petitioner asks the Court to "[i]ssue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately or schedule a bond hearing before an immigration judge and, at such hearing, require the government to justified continued detention by clear and convincing evidence." [*Id.* at 10].

No Party has requested an evidentiary hearing or oral argument, and the Court finds that no hearing is necessary. *Garcia Cortes v. Noem*, No. 25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025) (declining to hold a hearing where the petitioner's habeas challenge was "fundamentally legal in nature").

## LEGAL STANDARD

Section 2241 of Title 28 authorizes a court to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001)).

2

**ANALYSIS**

Mr. Barahona-Amador's claims primarily turn on whether he is detained under § 1226(a), as he asserts, [Doc. 1], or under § 1225(b)(2), as Respondents contend, [Doc. 8]. The Court summarizes the applicable statutory framework before turning to Petitioner's claims.

## I.      Statutory Framework

Sections 1225 and 1226 govern detention of noncitizens prior to a final order of removal. *See Jennings v. Rodriguez*, 583 U.S. 281, 287 (2018). Section 1226 "sets forth 'the default rule' for detaining noncitizens 'already present in the United States.'" *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800, at *5 (E.D. Va. Sept. 30, 2025) (quoting *Jennings*, 583 U.S. at 303). This section permits, but does not require, the Attorney General to detain noncitizens pending removal proceedings, subject to certain exceptions not applicable here. *Jennings*, 583 U.S. at 303; 8 U.S.C. § 1226(a)(1)–(2) (the Attorney General "*may* continue to detain" or "*may* release" the noncitizen (emphasis added)). Section 1226(a) thus establishes a discretionary framework for the detention of noncitizens pending removal proceedings.

Section 1225(b) "supplement[s] § 1226's detention scheme." *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1246 (W.D. Wash. 2025) (quoting *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022)). Section 1225(b) "applies primarily to [noncitizens] seeking entry into the United States," i.e., "applicants for admission." *Jennings*, 583 U.S. at 297. This section provides, in relevant part, that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to

be admitted, the alien *shall* be detained" pending removal proceedings.   8 U.S.C. § 1225(b)(2)(A) (emphasis added).[1]   Under § 1225(a)(1), an "applicant for admission" is

> An alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters).

Absent an exception for urgent humanitarian reasons not implicated in this case, "detention under § 1225(b)(2) is considered mandatory," and "[i]ndividuals detained under § 1225 are not entitled to a bond hearing."   *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025) (citing *Jennings*, 583 U.S. at 297).

## II.     Application to Petitioner's Detention

Petitioner argues that he is detained under § 1226(a) and is eligible for a bond hearing.   [Doc. 1 at ¶¶ 34–37].   Respondents disagree, arguing that Petitioner is "subject to mandatory detention under § 1225(b)" because he entered the United States "without having been admitted" and is thus an "applicant for admission" under the statute.   [Doc. 8 at 2].   But Respondents concede that the issue presented in this case "is not materially different from [the] issue this Court has resolved" in prior rulings and acknowledge that "this Court's prior ruling on this issue would lead the Court to reach the same result here if the Court adheres to that decision."   [*Id.* at 2–4].

---

[1] Under 8 U.S.C. § 1225(b)(1), "certain applicants for admission who are deemed inadmissible are subject to expedited removal, unless they express a fear of persecution or an intent to apply for asylum."   *Guerrero Orellana v. Moniz*, 802 F. Supp. 3d 297, 304 (D. Mass. Oct. 3, 2025), *appeal docketed*, No. 25-2152 (1st Cir. Dec. 3, 2025); *see also* 8 U.S.C. § 1225(b)(1)(A)(i) (directing an immigration officer to "order [a person deemed inadmissible] removed from the United States without further hearing or review unless [the person] indicates either an intention to apply for asylum . . . or a fear of persecution").   Respondents do not argue that Petitioner is detained pursuant to § 1225(b)(1), *see* [Doc. 8], so the Court does not substantively address detention under this subsection.

Indeed, this Court has already rejected Respondents' position. *See Loa Caballero v. Baltazar*, No. 25-cv-03120-NYW, 2025 WL 2977650, at *5 (D. Colo. Oct. 22, 2025) ("[F]ederal courts have overwhelmingly rejected Respondents' 'broad interpretation of section 1225(b)(2).'" (collecting cases)).[2] In *Loa Caballero*, this Court reviewed a similar habeas petition filed by a noncitizen who had resided in the United States for some time before he was detained by ICE. *See id.* at *1. Like Petitioner here, the Government asserted that the petitioner was not entitled to a bond hearing because § 1225 mandated his detention. *See id.* The Court disagreed, emphasizing that § 1225(b)(2)(A) only provides for mandatory detention of noncitizens "seeking admission" to the country. *Id.* at *6. "The plain meaning of the phrase 'seeking admission' requires that the applicant must be presently and actively seeking lawful entry into the United States." *Id.* Thus, noncitizens who are merely "present"—and have been for "years upon years" without obtaining legal status—are not "seeking admission" under § 1225(b)(2)(A). *Id.* (quoting *Lopez-Campos v. Raycraft*, 797 F.

---

[2] In addition to this Court's ruling in *Loa Caballero*, a majority of other judges in this District have concluded that § 1225(b)(2)(A) does not apply to noncitizens similarly situated to Petitioner, who have been present in the country for some time and are not actively "seeking admission." *See, e.g.*, *Mendoza Gutierrez v. Baltasar*, No. 25-cv-02720-RMR, 2025 WL 2962908 (D. Colo. Oct. 17, 2024) (Rodriguez, J.), *appeal docketed*, No. 25-1460 (10th Cir. Dec. 16, 2025); *Moya Pineda v. Baltasar*, No. 25-cv-02955-GPG, 2025 WL 3516291 (D. Colo. Oct. 20, 2025) (Gallagher, J.); *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643 (D. Colo. Oct. 24, 2025) (Sweeney, J.); *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607 (D. Colo. Oct. 31, 2025); *Florez Marin v. Baltazar*, No. 25-cv-03697-PAB, 2025 WL 3677019 (D. Colo. Dec. 18, 2025) (Brimmer, J.); *Aleman Hernandez v. Baltazar*, No. 25-cv-03688-SKC-SBP, 2025 WL 3718159 (D. Colo. Dec. 23, 2025) (Crews, J.); *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148 (D. Colo. 2026) (Martínez, J.). *But see Singh v. Baltazar*, 26-cv-01076-DDD-TPO, 2026 WL 1282828 (D. Colo. May 11, 2026) (Domenico, C.J.).

Supp. 3d 771, 781 (E.D. Mich. 2025)).   Interpreting § 1225(b)(2)(A) to mandate detention for all "applicants for admission" would render the "seeking admission" language superfluous.  *Id.* at *7.  The Court concluded that both the plain text of § 1225 and applicable canons of statutory interpretation demonstrated that the petitioner in *Loa Caballero* was detained under § 1226, not § 1225.  *See id.* at *5–8.  The Court has since reaffirmed its ruling in *Loa Caballero* in several other similar habeas cases.  *See, e.g.*, *Briales-Zuniga v. Baltazar*, No. 25-cv-03439-NYW, 2026 WL 35227, at *4 (D. Colo. Jan. 6, 2026); *Bautista v. Noem*, No. 26-cv-00272-NYW, 2026 WL 532427, at *4 (D. Colo. Feb. 26, 2026).

Accordingly, consistent with the Court's prior rulings and the weight of authority in this District and across the country, the Court concludes that § 1225(b)(2) does not authorize Petitioner's detention.  The "default rule" of discretionary detention under § 1226(a) therefore applies.  *See, e.g.*, *Quispe-Ardiles*, 2025 WL 2783800, at *5, *7.  Mr. Barahona-Amador's continued detention without a bond hearing violates the INA.  And "because [Petitioner] is statutorily entitled under § 1226 to more process than he has thus far received, his continued detention without an individualized bond hearing necessarily violates his Fifth Amendment right to due process."  *Garcia Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1158 (D. Colo. 2026).  The Court will **GRANT** the Petition as to Mr. Barahona-Amador's INA and due process claims.  As a result of this ruling, the Court need not reach Petitioner's APA claim.

## III.    Appropriate Remedy

Mr. Barahona-Amador asks the Court to "[i]ssue a Writ of Habeas Corpus ordering Respondents to release Petitioner immediately or schedule a bond hearing

before an immigration judge and, at such hearing, require the government to justified continued detention by clear and convincing evidence." [Doc. 1 at 10]. He does not supply any supporting argument explaining why immediate release is the appropriate relief. *See* [*id.*]. Because § 1226(a) "does not require release—it provides DHS the discretion to grant" release on bond, *Nava Hernandez v. Baltazar*, No. 25-cv-03094-CNS, 2025 WL 2996643, at *8 (D. Colo. Oct. 24, 2025), this Court finds it appropriate to order Respondents to provide Petitioner with the statutorily required bond hearing.

As for Petitioner's request that this Court order that the Government bear the burden of justifying continued detention by clear and convincing evidence, the Court will grant this request. To be sure, Petitioner's request is not supported by meaningful argument. But Respondents' Response does not address this issue either, and they do not indicate that they oppose this request. *See* [Doc. 8]. Any argument in opposition has thus been waived.

The Court has previously considered this issue in the absence of substantive briefing and will do the same here. *See Diaz Lopez v. Noem*, No. 25-cv-04089-NYW, 2026 WL 206220, at *5 (D. Colo. Jan. 27, 2025). And as in previous cases, the Court concurs with other cases in this District that have required the Government to bear the burden of proof at a § 1226(a) bond hearing where, as here, the petitioner is initially erroneously detained under § 1225. *See Martinez Escobar v. Baltazar*, No. 26-cv-00296-NYW, 2026 WL 503313, at *5 (D. Colo. Feb. 24, 2026); *see also, e.g., Garcia Abanil*, 817 F. Supp. 3d at 1159 ("[T]he weight of authority in this District is clear: it is the Government's burden to justify a noncitizen's continued detention at a bond hearing." (cleaned up) (collecting cases)). *But see De La Cruz v. Baltazar*, No. 26-cv-

7

00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to shift burden to the Government in a similar case). The Court also concurs with the decisions concluding that "the clear and convincing standard that generally applies to civil detention where liberty is at stake is appropriate here as well." *Arredondo v. Baltazar*, No. 25-cv-03040-RBJ, 2025 WL 4083607, at *4 (D. Colo. Oct. 31, 2025) (quotation omitted); *see also Martinez Escobar*, 2026 WL 503313, at *5 (collecting cases).

Accordingly, Respondents are **ORDERED** to provide Mr. Barahona-Amador bond hearing no later than **May 22, 2026**. **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention.** On or before **May 29, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.[3]

**CONCLUSION**

For the reasons set forth in this Order, **IT IS ORDERED** that:

(1)    The Petition for Habeas Corpus [Doc. 1] is **GRANTED in part**;

(2)    Petitioner's Motion for Temporary Restraining Order and/or Preliminary Injunction [Doc. 2] is **DENIED as moot**, as it requests relief identical to the

---

[3] To the extent Petitioner requests that this Court declare that his detention violates his due process rights, [Doc. 1 at 10], this request is moot in light of the relief granted in this Order, *see Pena-Gil v. Lyons*, No. 25-cv-03268-PAB-NRN, 2025 WL 3268333, at *4 (D. Colo. Nov. 24, 2025). In addition, Petitioner asks the Court to award him attorney's fees under the Equal Access to Justice Act. [Doc. 1 at 10]. However, this District's Local Rules require that a request for attorney's fees be made by separate motion. *See* D.C.COLO.LCivR 54.3.

relief granted in this Order;

(3)    Respondents shall provide Petitioner a bond hearing no later than **May 22, 2026**.  **If Respondents do not provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention**; and

(4)    On or before **May 29, 2026**, the Parties shall file a joint status report concerning (1) the results of any bond hearing that was conducted or, if no hearing was held, advise the Court of the date Petitioner was released from custody; and (2) whether any additional proceedings in this matter are required.

DATED:  May 15, 2026                           BY THE COURT:

_____
Nina Y. Wang
United States District Judge

9